UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00368-RJC-SCR

| | |
|---|---|
| CHARLES VENABLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HARBOR FREIGHT TOOLS USA, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the parties' joint Motion to Remand to State Court, (Doc. No. 11).

## I. BACKGROUND

Plaintiff Charles Venable filed a lawsuit against Defendant Harbor Freight Tools USA, Inc. in North Carolina Superior Court, Mecklenburg County, Case No. 23-CVS-8327, on May 10, 2023. On June 22, 2023, Defendant removed the action to this Court based on diversity jurisdiction. (Doc. No. 1) ("Plaintiff … alleges an amount in controversy in excess of $75,000.00"). On August 13, 2023, however, Plaintiff stipulated that "in the event he obtains a judgment in this action against any defendant currently named or to be named in excess of $75,000.00, he will not execute on such judgment and will mark such judgment 'satisfied' upon payment of $74,999.99 by or on behalf of any such defendant." (Doc. No. 11-1). As a result, the parties jointed moved for an order remanding this case to Mecklenburg County Superior Court, as it no longer meets 28 U.S.C. § 1332's amount in controversy requirement. (Doc. No. 11).

## II. DISCUSSION

A defendant can remove a civil action from state court to federal court if the federal district

court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Here, Defendants removed this action on the basis of diversity jurisdiction, which requires both an amount in controversy exceeding $75,000.000 and complete diversity between the parties. 28 U.S.C. § 1332. "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). In light of Plaintiff's stipulation to amount recoverable in damages, Defendants no longer argue that diversity jurisdiction applies to the action. Therefore, the Court will grant the parties' joint motion and remand the case to the State Court for adjudication.

V. **CONCLUSION**

The moving party no longer asserts that Plaintiff alleges an amount in controversy in excess of $75,000, and diversity jurisdiction was the only proposed basis for original jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. The Parties' Joint Motion to Remand to State Court, (Doc. No. 11), is **GRANTED.** This action is **REMANDED** to Mecklenburg County Superior Court; and

2. The Clerk is respectfully directed to mail a copy of this Order to that court.

Signed: September 5, 2023

Robert J. Conrad, Jr.
United States District Judge